FRANK E. STURGIS et al., as Trustees under the Will of
FRANK WORK, Deceased, et al., Respondents, *v.*
FRANCES ROCHE et al., Appellants, and EDMUND M.
ROCHE et al., Respondents, Impleaded with Another.

*Trusts — distribution of stock dividends between life tenants and
remaindermen.*

*Sturgis* v. *Roche*, 217 App. Div. 573, modified.

(Argued February 23, 1928; decided March 27, 1928.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered December 31, 1926, modifying and affirming
as modified a judgment of Special Term directing as to
the apportionment and distribution between life tenants
and remaindermen of certain shares of stock representing
an extraordinary stock dividend.

*Henry B. Closson* and *A. Loeb Salkin* for appellants.

*Austin J. McMahon* and *William S. Jenney* for
respondents.

*Per Curiam.* We think the evidence sustains a find-
ing that the value of the coal mines at the date of the
declaration of the stock dividend is fairly measured by
the price paid therefor by the Glen Alden Coal Company,
and is not to be augmented by a consideration of the price
at which the shares of the latter company, when issued,
were sold in the stock market.

We find no sufficient evidence, however, that the price
so paid represents the value of the lands in March, 1911,
and February, 1914, the dates of the creation of the
trusts. We fix the value of the coal properties in March,
1911, at $40,625,000, and their value in February, 1914,
at $44,187,500. These values must be substituted for the
value as fixed by the Appellate Division in determining
the capital investment. The proportion of the dividend
to be allotted to the remaindermen in order that such
investment may be preserved unimpaired will be cor-
respondingly diminished.

The judgment of the Appellate Division should be

modified in accordance with this memorandum and, as modified, affirmed without costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.